# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

_____

In Re:

**TERRY W. DOBBS and**                    **Bankruptcy Case**
**JERI L. DOBBS,**                        **No. 11-41856-JDP**

                    **Debtors.**

_____

## MEMORANDUM OF DECISION and
## ORDER re OBJECTION to CLAIM

_____

**Appearances:**

John Avery, Idaho Falls, Idaho, Attorney for Debtors.

Ben Cluff, COLEMAN, RITCHIE & CLUFF, Attorney for Martin and Monica Meyers.

Kathleen McCallister, Boise, Idaho, Chapter 13 Trustee .

## MEMORANDUM OF DECISION

Chapter 13[1] debtors Terry Wayne and Jeri Lynn Dobbs ("Debtors")

filed an objection to Proof of Claim No. 8 filed in this bankruptcy case by

creditors Monica and Martin Meyers ("Creditors").[2]  Dkt. No. 38.  Debtors

argue that Creditors have incorrectly calculated the amount of the

"arrearage" they owe on a promissory note Debtors made and delivered to

Creditors in connection with a $20,018.99 loan.  Debtors defaulted on the

loan before they filed their bankruptcy petition, and now propose to cure

that default by paying the arrearage through their chapter 13 plan

pursuant to § 1322(b)(5).[3]  Creditors responded to the objection, Dkt. No.

---

[1]  Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, and all rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001–9037.

[2]  Claim No. 8 indicates Monica Meyers is now known as "Monica (Meyers) Ware."  She is referred to in the promissory note and deed of trust governing Creditors' loan to Debtors simply as Monica Meyers.  *See* Claim No. 8-1.

[3]  Section 1322(b)(5) provides:

> (b)  [A debtor's] plan may—
> ****
> (5)  . . . provide for the curing of any
> default within a reasonable time and

(continued...)

MEMORANDUM OF DECISION AND ORDER - 2

46, and assert the arrearage amounts to $52,414.89.[4] Debtors insist the

correct amount of arrearage should be $14,669.77.[5]

As security for their loan, Debtors executed a deed of trust on their

real property in favor of Creditors.  Now, in objecting to Creditors'

arrearage calculations, Debtors assert that deeds of trust are subject to the

Uniform Principal and Income Act ("UPIA"), and that applying the UPIA

to the facts here results in the lower arrearage figure.[6]  In other words,

---

[3](...continued)
maintenance of payments while the case
is pending on any unsecured claim or
secured claim on which the last
payment is due after the date on which
the final payment under the plan is due.

[4] Creditors' Proof of Claim indicates the arrearage amount is $52,416.78.
While, in their Response to Debtors' Objection to Claim, Creditors indicate that,
"[d]ue to a calculation error, the amount shown as the arrearage in [the] Proof of
Claim should be $52,414.89, not $52,416.78," they have not amended the Proof of
Claim to reflect the actual arrearage amount.  *See* Dkt. No. 46 at 2.

[5] Debtors also miscalculated the arrearage amount in earlier filings; they
asserted the arrearage was $14,344.77 in their Objection to Creditors' Claim.  *See*
Dkt. No. 38.

[6] Per Debtors' reading of the UPIA, specifically Idaho Code §§ 68-10-
302(b) and (c), an arrearage is to be calculated based on the principal and interest
that would have been due had no default occurred, and should not include an
(continued...)

MEMORANDUM OF DECISION AND ORDER - 3

Debtors argue that, because the word "trust" is used in the UPIA, and

because the instrument securing Creditors' loan is a "deed of trust," the

UPIA is the applicable nonbankruptcy law that governs the arrearage

amount necessary to cure their default. *See* § 1322(e).[7]  However, Debtors

are mistaken.

Deeds of trust are not "trust instruments" for the purposes of the

UPIA.  The general provisions of the Idaho Code governing statutory

construction provide:

> Words and phrases are construed according to
> the context and the approved usage of the
> language, but technical words and phrases, and
> such others as have acquired a peculiar and
> appropriate meaning in law, or are defined in the
> succeeding section, are to be construed according
> to such peculiar and appropriate meaning or

---

[6](...continued)
amount for interest accrued as a result of default. *See* Debtor's Memorandum
Regarding Arrearage at 3, Dkt. No. 59.

[7] Section 1322(e) provides:

> [I]f it is proposed in a plan to cure a default, the
> amount necessary to cure the default shall be
> determined in accordance with the underlying
> agreement and applicable nonbankruptcy law.

MEMORANDUM OF DECISION AND ORDER - 4

definition.

Idaho Code § 73-113.  This is consistent with Idaho case law.  *See, e.g.,*

*Maguire v. Yanke*, 590 P.2d 85, 92 (Idaho 1978) ("It is a matter of common

understanding that definitional provisions do not purport to prescribe

what meanings shall attach to the defined terms for all purposes and in all

contexts but generally only establish what they mean where they appear in

that same act.").

      Title 68 of the Idaho Code, where the UPIA is found, relates to trusts

and fiduciaries.  Idaho Code §§ 68-101 to -1405.  Trusts are defined therein

as:

> [A]n express trust created by a trust instrument,
> including a will, whereby a trustee has the duty to
> administer a trust asset for the benefit of a named
> or otherwise described income or principal
> beneficiary, or both; "trust" does not include . . . a
> security instrument . . . .

Idaho Code § 68-104(1).  In other words, a "trust" for UPIA purposes

includes an asset that is managed to benefit income beneficiaries and

principal beneficiaries.  *Id.*  The specific provisions of the UPIA relied upon

MEMORANDUM OF DECISION AND ORDER - 5

by Debtors identify how a trustee is to allocate income receipts or

disbursements as between those two types of beneficiaries.  *See* Idaho Code

§§ 68-10-302(b) and (c).

Title 45 of the Idaho Code, on the other hand, governs liens,

mortgages, and pledges, and contains a definition of "trust deed":

> [A] deed executed in conformity with this act and
> conveying real property to a trustee in trust to
> secure the performance of an obligation of the
> grantor or other person named in the deed to a
> beneficiary.

Idaho Code § 45-1502(3); *see also* BLACK'S LAW DICTIONARY 476 (9th ed.

2009) (defining "deed of trust" as "[a] deed conveying title to real property

to a trustee as security until the grantor repays a loan").  For the purposes

of Title 68 of the Idaho Code, including the UPIA, "trust" specifically

excludes security instruments.  Trust deeds, however, are security

instruments intended to assure loan performance.  *See* Idaho Code § 45-

1502(3).  Thus, the provisions of the UPIA do not apply to deeds of trust.[8]

---

[8] This is particularly evident in looking at other portions of the UPIA not
relied upon by Debtors, which govern, among other things, residuary and

(continued...)

MEMORANDUM OF DECISION AND ORDER - 6

The UPIA, even if applied to deeds of trust, would not govern the

calculation of interest or the arrearage in this case.  Debtors' arrearage is

calculated based on the terms of their promissory note.  The deed of trust's

purpose is to provide security for the "[p]ayment of the indebtedness

evidenced by [the] promissory note," including "principal and interest."

Claim No. 8-1 at 5.  The deed of trust was not intended by the parties to fix

payment amounts, interest rates, or the means to calculate the outstanding

debt.  Thus, even if the UPIA applied to Debtors' deed of trust, the note,

and not the deed of trust, would control the arrearage calculations.[9]

As Debtors have not provided any reason besides the asserted

application of the UPIA to support their objection to Creditors' Proof of

---

[8](...continued)
remainder beneficiaries, income and principal receipts derived from trust
property, trustees' investment and management of trust assets, income
distributions, and the liquidation of assets.  *See, e.g.*, Idaho Code §§ 68-10-104, -
201, -202, -410.  Such regulations are consistent with the concept and operation of
typical express trusts, but not with the operation of deeds of trust.

[9] Even if the deed of trust contained the interest rates and other
information necessary to calculate the arrearage in this case, the terms of the
deed of trust, and not the UPIA, would control.  *See Hedrick v. West One Bank,
Idaho, N.A.*, 853 P.2d 548, 553 (Idaho 1993) ("If the trust document has terms
contrary to the provision of the [UPIA], the trust document controls.").

MEMORANDUM OF DECISION AND ORDER - 7

Claim, that objection will be denied.

## ORDER

For the reasons set forth above, and for other good cause, **IT IS**

**HEREBY ORDERED THAT** Debtors' Objection to the Proof of Claim filed

herein by Creditors' Claim No. 8, Dkt. No. 38, is hereby **DENIED**.

Dated:  April 13, 2012

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge

MEMORANDUM OF DECISION AND ORDER - 8